UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHARLES DEAN,<br><br>                Plaintiff,<br>    v.<br>DR. DONNELLY, et al.,<br><br>                Defendants. | Case No. 3:15-cv-00421-MMD-WGC<br><br>SCREENING ORDER |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an individual who was in the custody of the Nevada Department of Corrections at the time he initiated this case. (Dkt no. 1-1.) The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

### I.     *IN FORMA PAUPERIS* APPLICATION

At the time Plaintiff initiated this case, Plaintiff submitted an application to proceed *in forma pauperis* for prisoners. (Dkt no. 1.) Plaintiff has since been released from prison. (*See* dkt no. 5.) The Court now directs Plaintiff to file an application to proceed *in forma pauperis* by a non-prisoner within thirty (30) days from the date of this order or pay the full filing fee of $400.

### II.    SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

2

1  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a
2  plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v.*
3  *Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of
4  action is insufficient. *Id.*

5  Additionally, a reviewing court should "begin by identifying pleadings [allegations]
6  that, because they are no more than mere conclusions, are not entitled to the
7  assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal
8  conclusions can provide the framework of a complaint, they must be supported with
9  factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should
10 assume their veracity and then determine whether they plausibly give rise to an
11 entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for
12 relief . . . [is] a context-specific task that requires the reviewing court to draw on its
13 judicial experience and common sense." *Id.*

14 Finally, all or part of a complaint filed by a prisoner may therefore be dismissed
15 *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This
16 includes claims based on legal conclusions that are untenable (e.g., claims against
17 defendants who are immune from suit or claims of infringement of a legal interest which
18 clearly does not exist), as well as claims based on fanciful factual allegations (e.g.,
19 fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28
20 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

21 **III.   SCREENING OF COMPLAINT**

22 Plaintiff sues multiple defendants for events that occurred while he was
23 incarcerated at Lovelock Correctional Center. (Dkt. no. 1-1 at 1-2.) He sues Dr.
24 Donnelly, Dr. Walls, Dr. Hipkin, and Maria Ward. (*Id.* at 2.) He alleges four counts and
25 seeks monetary damages. (*Id.* at 4-5, 8.)

26 Plaintiff alleges the following: On February 21, 2015, Plaintiff injured his hand
27 while making dough with a cooking utensil at Humboldt Conservation Camp. (*Id.* at 3.)
28 The incident was reported to staff and Plaintiff was transferred to Humboldt General

Hospital where he had x-rays taken and a half cast placed on his hand. (*Id.*) Plaintiff was instructed to have a second x-ray when the swelling went down. (*Id.*) On February 25, 2015, Plaintiff was transferred to Lovelock Correctional Center to be treated for his injured hand and receive a second x-ray. (*Id.* at 4.) Dr. Donnelly refused to supply Plaintiff with the necessary apparatus to stabilize and elevate his hand. (*Id.*) He told Plaintiff that he would not provide him with a wrist brace, sling, or other items because it would cost the state too much money. (*Id.*) Dr. Walls also "refused to follow through with medical care by refusing to provide adequate medical care to prevent further injury" to Plaintiff's hand. (*Id.*). Dr. Hipkin told Plaintiff he did not understand why Plaintiff's hand continued to be swollen as he was not a hand specialist. (*Id.* at 5.) Dr. Hipkin told Plaintiff he would refer him to a hand specialist and also prescribed Naproxen for Plaintiff. (*Id.*) Plaintiff's hand is not functional and has not been treated. (*Id.*)

Plaintiff also alleges that when caseworker Maria Ward found out he was filing a grievance, she "reduced Plaintiff's level" which cost Plaintiff a loss of good time work time credits and she refused to house him in a level one housing unit. (*Id.*).

Plaintiff interprets Plaintiff's complaint as alleging two claims: (1) an Eighth Amendment deliberate indifference to a serious medical need against Drs. Donnelly, Walls, and Hipkin; and (2) a First Amendment retaliation against Maria Ward.

### A. Eighth Amendment Deliberate Indifference

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard — that the deprivation was serious enough to constitute cruel and unusual punishment — and a subjective standard — deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court finds that Plaintiff has stated a colorable claim against defendant Dr. Donnelly, but not Drs. Walls and Hipkin. Regarding Dr. Donnelly, Plaintiff alleges that Dr. Donnelly told Plaintiff he would not provide him with any medical devices that would help stabilize and/or elevate his hand. Plaintiff's hand remains swollen and "unfunctional." Plaintiff may proceed against Dr. Donnelly.

Plaintiff makes only vague and conclusory alleges against Dr. Walls, including that he refused to provide medical care to prevent further injury. Vague and conclusory allegations of official participation in a civil rights violations are insufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). As to Dr. Hipkin, Plaintiff only alleges that the doctor said he would refer Plaintiff to a hand specialist and prescribed medication. This does not allege a colorable deliberate indifference claim. Defendants Drs. Walls and Hipkin are dismissed without prejudice, with leave to amend. Upon amendment, Plaintiff should follow the directions in the form complaint and "[s]tate the facts clearly, in your own words, and without citing legal authority or argument . . . describe exactly what each specific defendant (by name) did to violate

5

your rights." Plaintiff must connect these defendants with the alleged constitutional violations he complains of and provided enough facts that the Court can adequately screen his allegations. Plaintiff must also include the dates of the alleged constitutional violations.

### B. First Amendment Retaliation

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id.*

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68.

Plaintiff has alleged a colorable retaliation claim against defendant Ward. Plaintiff alleges that after Ward found out he was going to file a grievance/lawsuit, she refused to house him in level one housing and reduced his level, costing him good time work time credits. (Dkt no. 1-1 at 5.) Plaintiff may proceed on his First Amendment claim against defendant Ward.

### C. Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was

named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff must file the amended complaint within thirty (30) days from date of entry of this order. If Plaintiff chooses not to file an amended complaint, Plaintiff will proceed against defendants Dr. Donnelly and Ward only.

**IV.  CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's applications to proceed *in forma pauperis* (dkt. nos. 1, 3) are denied as moot.

It is further ordered that the Clerk of the Court send Plaintiff the approved form application to proceed *in forma pauperis* by a non-prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

It is further ordered that within thirty (30) days from the date of this order, Plaintiff must either: (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $400.

It is further ordered that if Plaintiff does not timely comply with this order regarding the non-prisoner *in forma pauperis* application or filing fee, dismissal of this action may result.

It is further ordered that the Clerk of Court file Plaintiff's complaint (dkt. no. 1-1).

It is further ordered that Plaintiff will proceed on his Eighth Amendment deliberate indifference claim against defendant Dr. Donnelly.

It is further ordered that Plaintiff will proceed on his First Amendment retaliation claim against defendant Ward.

It is further ordered that defendants Drs. Walls and Hipkin are dismissed without prejudice, with leave to amend.

It is further ordered that if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff must file the amended complaint within thirty (30) days from the date of entry of this order.

It is further ordered that the Clerk of the Court send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, a copy of his original complaint (dkt. no. 1-1). If Plaintiff chooses to file an amended complaint, he must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will proceed on the Eighth Amendment claim against Dr. Donnelly and First Amendment claim against Ward only, once Plaintiff either: (1) files a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pays the full filing fee of $400.

DATED THIS 25th day of January 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE