1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES DEAN, | Case No. 3:15-cv-00421-MMD-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| v. | |
| DR. DONNELLY, *et al.*, | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant Maria Ward's Motion for Summary Judgment. (Electronic Case Filing (ECF) No. 20.) Plaintiff filed a response (ECF No. 23), and Ward filed a reply (ECF No. 25).

After a thorough review, it is recommended that Ward's motion be granted.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding with this action pursuant to 42 U.S.C. § 1983. (Pl.'s Compl., ECF No. 7.) The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC). (*Id.*) While Plaintiff initiated this action pro se, he is now represented by counsel. (*See* ECF No. 12.)

On screening, the court determined that Plaintiff could proceed with an Eighth Amendment claim of deliberate indifference to a serious medical need against Dr. Donnelly, and a retaliation claim against Maria Ward. (Screening Order, ECF No. 6.) Plaintiff alleges that on February 21, 2015, he injured his hand while making dough with a cooking utensil at Humboldt Conservation Camp. (ECF No. 7 at 3.) The incident was reported to staff and he was transferred

to Humboldt General Hospital where he had x-rays taken and a half case placed on his hand. (*Id*.) He was instructed to have a second x-ray when the swelling went down. (*Id*.) On February 25, 2015, Plaintiff was transferred to Lovelock Correctional Center to be treated for his injured hand and receive a second x-ray. (*Id*. at 4.) Plaintiff claims that Dr. Donnelly refused to supply him with the necessary apparatus to stabilize and elevate his hand, telling him that Plaintiff would not be provided with a brace, sling or other items because it would cost the state too much money. (*Id*.) He avers that his hand is not functional and has not been treated. (*Id*. at 5.) He contends that when caseworker Maria Ward found out he was filing a grievance, she reduced Plaintiff's level, which he claims resulted in a loss of good time work credits, and she refused to house him in a level one housing unit. (*Id*.)

Defendant Dr. Donnelly was dismissed without prejudice as a result of Plaintiff's failure to timely serve him in accordance with Federal Rule of Civil Procedure 4(m). (ECF No. 26.) Defendant Ward has filed a motion for summary judgment which the court will now address. (ECF No. 20.)

## II. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). In considering a motion for summary judgment, all reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A), (B).

If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

In evaluating whether or not summary judgment is appropriate, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine dispute as to a material fact; and (3) considering the evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. at 248.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'...In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a genuine dispute of material fact, the opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id*. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

> That being said,
>
> [i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

At summary judgment, the court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine dispute of material fact for trial. See Anderson, 477 U.S. at 249. While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id*. at 249-50 (citations omitted).

### III. DISCUSSION

The only claim at issue in this Report and Recommendation is the retaliation claim against Ward where Plaintiff alleges that when Ward found out he was filing a grievance and she

reduced his classification level, refusing to house him in level 1 housing, which resulted in a loss of good time credits.

"Section 1983 provides a cause of action for prison inmates whose constitutionally protected activity has resulted in retaliatory action by prison officials." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).  Such a claim consists of five elements:

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Jones*, 791 F.3d at 1035 (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005))

According to Ward, Plaintiff injured his hand at Humboldt Conservation Camp (HCC) on February 21, 2015. (ECF No. 20 at 2; Ex A, ECF No. 20-1.) The same day he was transported to Humboldt General Hospital and was diagnosed with a contusion. (ECF No. 20 at 2; Ex B, ECF No. 21-1.) The treating physician provided him with a splint and ace wrap prior to discharge. (ECF No. 20 at 2; Ex. C, ECF No. 21-2.) He was ordered to wrap the splint with the ace wrap, take ibuprofen, and ice the left hand three times a day for two days. (ECF No. 20 at 3; Ex. D, ECF No. 21-3.) Upon release, he was transported back to HCC. (ECF No. 20 at 3.)

On April 13, 2015, he filed a grievance requesting medical treatment for his hand. (ECF No. 20 at 3; Ex. F, ECF No. 20-6.) The grievance was assigned to Katherine Hegge. (*Id.*) Caseworker Kara Legrand responded on April 15, 2015. (*Id.*)

On April 30, 2015, Plaintiff was transferred to LCC for medical treatment. (ECF No. 20 at 3; Ex. G, ECF No. 20-7.) When an inmate is transferred between prisons, the transfer is preceded by a change in classification with a new assessment by the sending prison which requires approval of the Offender Management Division. (ECF No. 20 at 6; Ex. I, Administrative Regulation (AR) 506.03(1)(E)(1), ECF No. 20-9 at 4.) The classification committee making the new assessment consists of the warden/designee, reception unit caseworker and any other appropriate staff assigned by the warden. (ECF No. 20 at 6; Ex. J, AR 504.05(1), ECF No. 20-10 at 8-9.) An inmate with medical concerns may be excluded from a minimum custody

classification, known as level 1 classification. (ECF No. 20 at 6; Ex. K, AR 521.04(3)(C)(2), ECF No. 20-11 at 6-7.) In addition, new arrivals at medium security level institutions such as LCC do not qualify for level 1 or 2 classification. (ECF No. 20 at 6; Ex. L, AR 516.02(3)(A)(1)(a), ECF No. 20-12 at 5-6.) An inmate cannot work and receive work credits until he has been classified at level 2. (ECF No. 20 at 6; Ex. M, Operational Procedure (OP) 516.03(1)(c), ECF No. 20-13 at 4-5.) An inmate at a medium level security institution must spend a minimum of ninety days at a level 3 classification before he will be considered for level 2 classification. (ECF No. 20 at 6; Ex. M, OP 516.03(1)(a), ECF No. 20-13 at 4.)

Thus, on the same day and prior to the transfer to LCC, Plaintiff was reclassified from a level 1 to a level 3 by classification committee members Caseworker Legrand and Sergeant Hermsmeier. (ECF No. 20 at 3; Ex. G, ECF NO. 20-7.) Ward maintains she did not participate in the classification committee determination. (ECF No. 20 at 3; Ex. G, ECF No. 20-7.)

On July 7, 2015, Plaintiff was transferred to Northern Nevada Correctional Center (NNCC). (ECF No. 20 at 3; Ex. E, ECF No. 20-5.) On December 12, 2015, he was discharged from NDOC custody. (ECF No. 20 at 3; Ex H, ECF No. 20-8.)

In sum, Ward argues there is no evidence that she even participated in the decision to change Plaintiff's classification level. (ECF No. 20 at 4, 6, 7.) Instead, Plaintiff was reclassified from level 1 to level 3 by Caseworker Legrand and Sergeant Hermsmeier due to his transfer to LCC. (*Id*. at 7.)

Plaintiff, on the other hand, asserts that Ward did personally participate in Plaintiff's security level classification and retaliated against him for complaining about that reclassification by ordering Plaintiff's assignment to a top bunk, showing indifference to his medical condition with knowledge he could not climb onto the top bunk with his injured hand. (ECF No. 23.) In support of his opposition, Plaintiff submits his own affidavit. (ECF No. 23 at 8-9.) He states that prior to being transferred to LCC, he had a prior negative experience with Ward. (*Id*. at 8 ¶ 3.) He goes on to say that she was directly responsible for Plaintiff's ongoing pain and suffering while he was assigned at LCC by assigning him to a top bunk when he had an injured hand. (*Id*. at 9 ¶ 4.)

The problem with Plaintiff's opposition is that it focuses on a claim that is not proceeding in this action. The screening order made clear that Plaintiff was permitted to proceed only on: (1) his claim for deliberate indifference under the Eighth Amendment against Dr. Donnelly with respect to treatment of his hand and, (2) a retaliation claim against Ward based on his claim that when she found out he filed a grievance she changed his classification level. (ECF No. 6.) Plaintiff, who is represented by counsel, improperly conflates this as the assertion of an Eighth Amendment deliberate indifference claim against Ward when no such claim exists. The complaint is clearly focused on Ward refusing to house him in level 1 housing after finding out he filed a grievance. (ECF No. 7 at 5.) Importantly, there is *no* allegation in the complaint that Ward was deliberately indifferent to Plaintiff's serious medical need by assigning him to a top bunk when his hand was injured, or even any mention of the top bunk assignment by Ward.

Plaintiff has not set forth any evidence to rebut that submitted by Ward which demonstrates Ward did not participate in Plaintiff's classification change when he was transferred to LCC. A retaliation claim requires evidence that the state actor defendant took adverse action against the inmate. Here, Plaintiff alleged that Ward's action consisted of changing Plaintiff's classification status when she found out he was filing a grievance. Ward has produced evidence that she was not involved in Plaintiff's classification change; instead, other NDOC employees made that determination according to NDOC procedures. Plaintiff has failed to raise a genuine dispute of material fact in order to defeat summary judgment; therefore, Ward's motion should be granted.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** Ward's Motion for Summary Judgment (ECF No. 20).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

1

2     2. That this Report and Recommendation is not an appealable order and that any notice of

3     appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

4     until entry of judgment by the district court.

5          DATED: February 27, 2017.

6          _____
           WILLIAM G. COBB
7          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26